UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES,

        Plaintiff,

   v.

ALFREDO ROJAS-SANCHEZ,

        Defendant.

NO. CR. S-02-0515 WBS

ORDER

----oo0oo----

        Defendant has filed a petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, in which he claims, among other things, that his attorney rendered ineffective assistance by making him go to trial, thereby depriving him of an additional point for acceptance of responsibility under section 3E1.1(b) of the Sentencing Guidelines.

        The United States in its opposition correctly points out that Public Law 108-21 section 3E1.1(b) to require a motion on the part of the government to qualify a defendant for the additional one point reduction. Such a motion must state that the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities

1

of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. . . ."

The government argues that because the United States Attorney considered and rejected the idea of making a motion under section 3E1.1(b) defendant's claim of entitlement to an additional point of reduction is without merit. However, it appears that the reason the United States Attorney decided not to make the motion was that defendant did <u>not</u> timely notify authorities of an intention to enter a plea of guilty, and by going to trial did <u>not</u> permit the government and the court to allocate their resources efficiently. That is precisely why defendant appears to contend his attorney rendered ineffective assistance.

If, as defendant asserts under oath, his attorney "made" him go to trial, that conduct would have created the very conditions which caused the United States Attorney's decision not to make the motion essential to defendant's receiving the additional one point reduction. In other words, if defendant's attorney in fact made him go to trial against his will, that conduct may well have constituted ineffective assistance of counsel. On the other hand, if defendant himself made the decision to go to trial after being fully informed of the potential consequences of that decision, his claim of ineffective assistance of counsel would appear to be without merit. It thus appears that there are issues of fact which can only be resolved by an evidentiary hearing.

///

IT IS THEREFORE ORDERED that defendant to be returned to this court forthwith for a hearing on his petition. Upon his first appearance in this court, new counsel will be appointed to represent him in connection with the pending petition.[1]

DATED: June 24, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court reserves ruling on the other claims asserted in defendant's petition until time of the hearing on his claim of ineffective assistance of counsel.

3